NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0499n.06

No. 21-5132

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 05, 2022
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMES E. KEARNEY,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

OPINION

Before: KETHLEDGE, WHITE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. This case has a complicated procedural history, but the relevant parts are these. Both parties agree that James Kearney's sentence is procedurally unreasonable because the district court mistakenly concluded that a 2013 conviction was a predicate offense under the Armed Career Criminal Act (ACCA). 18 U.S.C. § 924(e)(1). And the court's determination that Kearney was an armed career criminal affected the entirety of his sentence. We therefore vacate and remand for resentencing in light of his actual criminal history.

In September 2020, James Kearney pled guilty to federal charges of distributing methamphetamines and possessing a firearm as a convicted felon. Given his multiple state-court convictions, the government contended that Kearney was an armed career criminal—a classification that mandated a statutory-minimum sentence of 180 months. The parties agreed that Kearney's sentence should not exceed 188 months, but Kearney disputed the ACCA designation and reserved the right to appeal that issue. The district court found that Kearney was an armed career criminal and sentenced him to 180 months' imprisonment.

Kearney appealed his sentence, challenging his status as an armed career criminal. While we considered that appeal, he filed a motion—which the government joined—to remand the case to the district court to identify the prior convictions that supported its determination that Kearney was an armed career criminal. We granted that motion and remanded for the district court to clarify its reasoning.

The district court thereafter issued an order explaining that three state-court convictions supported Kearney's enhancement: one in 2007 for cocaine trafficking, and two in 2013 for complicity to traffic heroin. Each conviction carried a maximum penalty of at least 10 years' imprisonment, which is a prerequisite to treat them as predicate offenses under the ACCA. *See* 18 U.S.C. § 924(e)(2).

Kearney then filed a motion to reconsider, arguing that newly discovered evidence (a plea agreement and courtroom video) showed that one of his 2013 heroin convictions did not qualify as an ACCA predicate offense. In that 2013 case, Kearney had been charged with complicity to trafficking two grams or more of heroin, which carried a maximum sentence of 10 years' imprisonment. But Kearney in fact pled guilty to complicity to trafficking less than two grams of heroin, which carried a maximum sentence of only five years. Kearney produced the original, written plea agreement indicating his actual sentence and the courtroom video of his plea to the lesser charge; and the government agreed that Kearney's new evidence showed that this conviction was not an ACCA predicate. Yet the district court denied Kearney's motion on the ground that our earlier remand did not permit the court to consider it.

Whatever the merits of that determination, we agree with Kearney and the government that one of his 2013 heroin convictions did not constitute an ACCA predicate offense.  As a result, his sentence was procedurally unreasonable.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Thus we vacate and remand for plenary resentencing.